# NO. 12-16-00251-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***DEODREA MARKIESE DUDLEY,*** *APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| ***THE STATE OF TEXAS,*** *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Deodrea Markiese Dudley appeals his convictions for burglary of a habitation with intent to commit another felony, burglary of a habitation, robbery, and obstruction/retaliation. In a single issue, he contends he received ineffective assistance of counsel at trial. We affirm.

## BACKGROUND

Appellant was charged by indictment with burglary of a habitation with intent to commit another felony, burglary of a habitation, robbery, and obstruction/retaliation. Appellant pleaded "not guilty." A jury found Appellant "guilty" of all four counts alleged in the indictment. The jury sentenced Appellant to imprisonment for thirty-five years for burglary with intent, ten years for burglary, twenty years for robbery, and ten years for obstruction/retaliation. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant contends he received ineffective assistance of counsel when his trial counsel failed to timely request a mistrial.

**Governing Law**

In reviewing an ineffective assistance of counsel claim, we apply the United States Supreme Court's two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). To prevail on an ineffective assistance of counsel claim, an appellant must show that (1) trial counsel's representation was deficient, and (2) the deficient performance prejudiced the defense to the extent that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. An appellant must prove both prongs of *Strickland* by a preponderance of the evidence. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2002). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an appellant's ineffectiveness claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To establish deficient performance, an appellant must show that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687–88, 104 S. Ct. at 2064–65. "This requires showing that [trial] counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, an appellant must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.*, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* When it is easier for a reviewing court to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice without determining whether counsel's performance was deficient, the court should follow that course. *Id.*, 466 U.S. at 697, 104 S. Ct. 2069.

Review of trial counsel's representation is highly deferential. *See id.*, 466 U.S. at 689, 104 S. Ct. at 2065. In our review, we indulge a strong presumption that trial counsel's actions fell within a wide range of reasonable and professional assistance. *Id.* It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively

demonstrate the alleged ineffectiveness." ***Thompson***, 9 S.W.3d at 813 (citation omitted). When, as here, no record specifically focusing on trial counsel's conduct was developed at a hearing on a motion for new trial, it is extremely difficult to show that counsel's performance was deficient. *See **Bone v. State***, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); ***Thompson***, 9 S.W.3d at 814. Absent an opportunity for trial counsel to explain the conduct in question, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." ***Goodspeed v. State***, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citation omitted).

## Evaluation of Trial Counsel's Representation

On appeal, Appellant alleges that his attorney's performance at trial fell below the professional norm because he failed to timely object and move for mistrial following the State's questioning of a witness. According to Appellant, the State's questions informed the jury that he was incarcerated and trial counsel failed to timely and effectively move for mistrial.

During trial, the State asked witness Tayla Morrison if Appellant lives with her at her apartment. Morrison testified that he has belongings at the apartment, and the prosecutor followed up saying, "Because he remains incarcerated?" Morrison replied, "Yes, ma'am." Defense counsel did not object. The State then asked Morrison if she continued to communicate with Appellant. Morrison responded, "Yes, ma'am. I was going to see him while he was in jail…and I was taking my son to go see him too." At this point, the trial court called for a bench conference and asked the prosecutor why she mentioned incarceration. The prosecutor replied that she "didn't mean to." Defense counsel stated, "I was fixing to say something, but you caught it before I did, Judge." Counsel then made a motion for mistrial outside the presence of the jury, which the trial court denied. However, the trial court gave the jury the following instruction:

> At this time I'll instruct you that you're not to consider the last statements made by the witness and not to consider those for any purposes whatsoever; the last two questions and answers that you heard prior to the Court releasing you into the jury room. So you are instructed not to consider that for any reason.

Appellant contends his trial counsel should have objected and moved for mistrial immediately following the prosecutor's question about incarceration. The record is silent regarding trial counsel's decision to not object and move for mistrial following the State's first

mention of incarceration. While we do not speculate as to trial counsel's intentions, it is possible that defense counsel did not wish to draw attention to the evidence. *See Bollinger v. State*, 224 S.W.3d 768, 781 (Tex. App.–Eastland 2007, pet. ref'd) (counsel may choose not to object out of concern that "an objection might draw unwanted attention to a particular issue"). Appellant did not file a motion for new trial alleging ineffective assistance. Thus, we presume counsel made all significant decisions in the exercise of professional judgment. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

Moreover, the trial court applied its limiting instruction to the "last two questions and answers that you heard prior to the Court releasing you into the jury room." Instructions to the jury are generally considered sufficient to cure any improprieties that occur during trial, and we generally presume that the jury followed the trial court's instructions. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Because the trial court corrected the error, defense counsel's failure to object and seek a mistrial could have caused no harm and cannot constitute ineffective assistance of counsel. *See Nabors v. State*, No. 12-00-00371-CR, 2002 WL 1362470, at *7 (Tex. App.—Tyler June 21, 2002, pet. ref'd) (mem. op., not designated for publication).

Accordingly, under the circumstances of this case, we conclude that Appellant has failed to (1) rebut the presumption that trial counsel's actions and decisions were reasonably professional and motivated by sound trial strategy, and (2) show that counsel's actions and decisions prejudiced the defense such that there is a reasonable probability that the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Tong*, 25 S.W.3d at 712; *Thompson*, 9 S.W.3d at 813; *Perez v. State*, 56 S.W.3d 727, 731-32 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Appellant's issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-16-00251-CR**

**DEODREA MARKIESE DUDLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87CR-16-32562)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*